UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMTRUST NORTH AMERICA, INC. and
TECHNOLOGY INSURANCE COMPANY, INC.,

                    Plaintiffs,

-against-

SAFEBUILT INSURANCE SERVICES, INC. a/k/a
SAFEBUILT WHOLESALE INSURANCE SERVICES,
INC., THE TAFT COMPANIES, LLC, PREFERRED
GLOBAL HOLDINGS, INC., DAVID E. PIKE, DAVID         Case No. 14-cv-9494
E. PIKE, INC., PHILIP SALVAGIO, SALMEN
INSURANCE SERVICES, INC. f/k/a SALVAGIO, INC.,         **NOTICE OF 30(b)(6)**
CARL M. SAVOIA, JOHN DOE CORPORATIONS 1-5,         **DEPOSITION**
and JOHN DOES 1-5,

                    Defendants,
-----------------------------------------------------------------X
SAFEBUILT INSURANCE SERVICES, INC., THE
TAFT COMPANIES, LLC, PREFERRED GLOBAL
HOLDINGD, INC., DAVID E. PIKE, DAVID E. PIKE,
INC. d/b/a PIKE INSURANCE SERVICES, PHILIP
SALVAGIO, and SALMEN INSURANCE SERVICES,
INC.

                Third Party Plaintiffs,

-against-

NETWORK ADJUSTERS, INC., ROBERT SANDERS,
PREFERRED REINSURANCE INTERMEDIARIES,
BUILDERS & TRADESMEN'S INSURANCE
SERVICES, INC., JOHN DOE BROKERAGES 1-5,
JOHN DOE BROKERS 1-5, JOHN DOE
CORPORATIONS 6-15, and JOHN DOES 6-15,
                 Third-Party Defendants.
-----------------------------------------------------------------X

      **PLEASE TAKE NOTICE,** that Plaintiffs, by and through their attorneys, Ohrenstein & Brown, LLP, will take the deposition of Defendant/Third Party Plaintiff, THE TAFT COMPANIES, LLC, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and upon consent, commencing on October 2, 2015 at 10:00 AM Eastern Standard Time (and, if

necessary continuing on October 5, 2015) at 400 East Pratt Street, 8th Floor, Baltimore, Maryland 21202, or at such other time or place as is agreed upon by counsel for the parties, and continuing thereafter until completed, before a notary public or other officer duly authorized to administer oaths.

Pursuant to Rule 30(b)(6), Defendant/Third Party Plaintiff shall designate one or more persons to testify on its behalf who are most knowledgeable as to the matters listed in Schedule "A." Defendant/Third Party Plaintiff shall identify its designees for each subject in Schedule "A" no later than five (5) days prior to the deposition.

Plaintiffs reserve the right to record this examination by sound, sound-and-visual, or stenographic means.

Dated:  September 18, 2015
        Garden City, New York

                                **OHRENSTEIN & BROWN, LLP**

                                        /s/ Michael D. Brown
                                By:_____
                                        Michael D. Brown, Esq.
                                        Matthew Bryant, Esq.
                                *Attorneys for Plaintiffs*
                                *AmTrust North America and*
                                *Technology Insurance Company, Inc.*
                                1305 Franklin Avenue, Suite 300
                                Garden City, New York 11530
                                (516) 873-6334

TO:

Brian A. Bender, Esq.
Abbie Lynn Eliasberg Fuchs, Esq.
Peri A. Berger, Esq.
HARRIS BEACH, PLLC
100 Wall Street, 23rd Floor
New York, NY 10005
*Safebuilt Insurance Services, Inc. a/k/a Safebuilt Wholesale Insurance Services, Inc., The Taft Companies, LLC, Preferred Global Holdings, Inc., David E. Pike, David E. Pike, Inc., Philip Salvagio, Salmen Insurance Services, Inc. f/k/a Salvagio, Inc., and John Doe Corporations 1-5, and John Does 1-5*

Gerard C. Morici, Esq.
Michael Morley, Esq.
MENDES & MOUNT LLP
750 Seventh Avenue
New York, NY 10019
*Attorneys for Third-Party Defendants Preferred Reinsurance Intermediaries and Robert Sanders*

Dove Ann Elise Burns, Esq.
GOLDBERG SEGALLA LLP
600 Lexington avenue, Suite 900
New York, NY 10022
*Attorneys for Third-Party Defendant Network Adjusters, Inc.*

Defendant The Taft Companies, LLC ("Taft") shall designate one or more persons to testify on its behalf who are most knowledgeable as to the matters listed in Schedule "A."

## SCHEDULE "A"

1. Taft's role, if any, in the management of Pacific Re, Inc., Pac Re-5 AT, Preferred Global, PCIC and SIS;

2. Record and book keeping of:

   a) Taft and its affiliates; and
   b) the entities identified in "1" above;

3. Taft's understanding of its role as a captive manager generally and specifically regarding Pacific Re, Inc. and its protected cell Pac Re 5-AT;

4. The regulator's reporting requirements for the entities Taft manages, or for which it consults – generally, and specifically related to Montana and California Regulations;

5. Taft's role in creating and understanding of the Participation Agreement for Pac Re 5-AT;

6. Taft's role in negotiating the Participation Agreement;

7. Taft's role as captive manager for each of Pacific Re, Inc.'s protected cells;

8. Taft's compensation as captive manager for Pacific Re, Inc., its protected cells and PCIC;

9. Taft's understanding of commissions generally and specifically regarding the program by which AmTrust North America, Inc. and Technology Insurance Company, Inc. were reinsured pursuant to the Safebuilt Insurance Services Captive Reinsurance Agreement ("SIS Program");

10. Taft's understanding of premiums generally and specifically regarding the SIS Program;

11. Taft's involvement in the payment of taxes, particularly premium and surplus line taxes generally and specifically regarding the SIS Program;

12. Taft's involvement in any SIS Program due diligence;

13. Taft's involvement with any SIS Program actuarial analysis from 2009 through present;

14. Taft's involvement with PCIC's actuarial analysis from 2009 through the present;

15. Taft's management agreements with Pacific Re, Inc., its cells, PCIC and SIS;

16. General Taft financial information, organization and bookkeeping, policies and procedures, including, but not limited to:

   a. Accounting;
   b. Ledgers, books and records [including any relevant software];
   c. Bank accounts and statements[operating and trust(s)];
   d. Accounts receivable;
   e. Accounts payable;
   f. Reporting [both internally and as contractually required];
   g. Compliance;
   h. Internal controls;