UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMTRUST NORTH AMERICA, INC. and
TECHNOLOGY INSURANCE COMPANY, INC.,

                            Plaintiffs,

    -against-

SAFEBUILT INSURANCE SERVICES, INC. a/k/a
SAFEBUILT WHOLESALE INSURANCE SERVICES, INC.,
THE TAFT COMPANIES, LLC, PREFERRED GLOBAL
HOLDINGS, INC., DAVID E. PIKE, DAVID E. PIKE, INC.,
PHILIP SALVAGIO, SALMEN INSURANCE SERVICES,
INC. f/k/a SALVAGIO, INC., CARL M.SAVOIA, JOHN DOE
CORPORATIONS 1-5, and JOHN DOES 1-5,

                            Defendants,
-----------------------------------------------------------------X
SAFEBUILT INSURANCE SERVICES, INC., THE
TAFT COMPANIES, LLC, PREFERRED GLOBAL
HOLDINGD, INC., DAVID E. PIKE, DAVID E. PIKE, INC.
d/b/a PIKE INSURANCE SERVICES, PHILIP SALVAGIO,
and SALMEN INSURANCE SERVICES, INC.

                        Third Party Plaintiffs,
    -against-
NETWORK ADJUSTERS, INC., ROBERT SANDERS,
PREFERRED REINSURANCE INTERMEDIARIES,
BUILDERS & TRADESMEN'S INSURANCE SERVICES,
INC., JOHN DOE BROKERAGES 1-5, JOHN DOE BROKERS
1-5, JOHN DOE CORPORATIONS 6-15, and JOHN DOES 6-
15,
                        Third-Party Defendants.
-----------------------------------------------------------------X

Case No. 14-cv-9494

**NOTICE OF SUBPOENA**

TO:  **HARRIS BEACH, PLLC**
      *Attorney for Defendants/Third-Party Plaintiffs*
      100 Wall Street, 23rd Floor
      New York, New York 10005

      **MENDES & MOUNT, LLP**
      *Attorneys for Third-Party Defendants*
      *Preferred Reinsurance Intermediaries and*
      *Robert Sanders*
      750 Seventh Avenue
      New York, New York 10019

**GOLDBERG SEGALLA, LLP**
*Attorney for Third-Party Defendant*
*Network Adjusters, Inc.*
600 Lexington Avenue, Suite 900
New York, New York 10022

**PLEASE TAKE NOTICE,** pursuant to Federal Rule of Civil Procedure 45, that the Plaintiffs AMTRUST NORTH AMERICA, INC., TECHNOLOGY INSURANCE SERVICES, INC. and BUILDERS & TRADESMEN'S INSURANCE SERVICES, INC., intend to serve a Subpoena, in the form attached hereto, on Pac Re, Inc. on October 7, 2015, or as soon thereafter as service may be effectuated.

**PLEASE ALSO TAKE NOTICE** that the deposition will be recorded by both stenographic and audio/visual mediums and will encompass all of the requested items enumerated on Schedule "A" of the Subpoena.

Dated: Garden City, New York
October 7, 2015

OHRENSTEIN & BROWN, LLP

By: _____
Matthew Bryant (MB2408)
Michael D. Brown (MB9856)
*Attorneys for Plaintiffs/Third-Party Defendant*
*Builders & Tradesmen's Insurance Services, Inc.,*
1305 Franklin Avenue, Suite 300
PO Box 9243
Garden City, NY 11530
Tel: (516) 873-6334

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Montana

| | |
|---|---|
| AMTRUST NORTH AMERICA, et. al. ) <br> *Plaintiff* ) <br> v. ) <br> SAFEBUILT INSURANCE SERVICES, INC, et. al. ) <br> ) <br> *Defendant* ) | Civil Action No.   14-cv-9494 |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                      PAC RE, INC.

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

SEE ATTACHED SCHEDULE "A"

| Place: Big Sky Reporting, 2308 Interlachen Circle, Billings, MT 102152 | Date and Time: <br> 10/23/2015 10:00 am |
|---|---|

The deposition will be recorded by this method:   STENOGRAPHIC & AUDIO/VISUAL

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE ATTACHED SCHEDULE "A"

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   10/07/2015

      *CLERK OF COURT*
                                              OR
      _____                _____
      *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   AMTRUST NORTH AMERICA, et. al.                                      , who issues or requests this subpoena, are:

Matthew Bryant, 1305 Franklin Avenue, Suite 300, Garden City, NY 11530, matthew.bryant@oandb.com, 516-873-6334

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 14-cv-9494

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Plaintiffs AmTrust North America, Inc. and Technology Insurance Company, Inc. and Third-Party Defendants Builders and Tradesmen Insurance Services, Inc., through counsel, provide the attached schedule and instructions for documents and testimony.

## INSTRUCTIONS

1. This subpoena requires You to produce documents described in Schedule A and a witness to appear on Your behalf to testify regarding the same under oath at the time and place in the accompanying notice.

2. This subpoena applies to documents not only that you directly possess, but all documents that you own or control when possessed by a third-party.

3. This subpoena employs the term document consistent with the Rules of Federal Civil Procedure such that "document" means any recorded material or data, in any form or media, whether kept in writing or electronically.

4. This subpoena requires that You produce the documents described in Schedule A as you keep them in the ordinary course of business or operations. Documents that are stored as hard copies may be produced as scanned pdfs or Xeroxed copies but should include all file inserts, folders, tabs, and organizational material such as labels, filing numbers, and methodology that are found in files as You keep them on a day-to-day basis.

5. This subpoena requires that You produce electronically stored information. Electronically stored information (such as emails, voicemails, documents, data, or databases created or kept on Your computers and servers) should be preserved, collected, and produced in a forensically sound manner such that all available metadata is preserved, including systems, embedded and substantive metadata, should it need to be analyzed.

6. We request that you ascertain the existence and volume of electronically stored information that is responsive to Schedule A. As a non-party to the underlying lawsuit, the subpoenaing partying is obligated to minimize your costs and expenses in responding to this subpoena; large repositories of electronically stored data should be disclosed to the subpoena party and discussed or made available for assessment to determine the most cost effective method to collect the data.

<u>Pacific Re, Inc.</u>

<u>Schedule "A": Documents, Records, Communications, and Witness Testimony</u>

<u>SCHEDULE "A"</u>

<u>INSTRUCTIONS</u>

1. Pursuant to the Federal Rules of Civil Procedure, you are to furnish all information available to you or in your possession, custody or control in responding to the following Document Requests.

2. In the event that you assert that you are entitled to withhold any document (or redact a portion thereof) the production of which is called for by these requests based upon a claim of privilege, you shall provide the following information:

    a. the reason for withholding the document;
    b. a statement of the basis for the claim of privilege, work product or other ground justifying non-disclosure;
    c. a brief description of the document, including:
    d. the date of the document;
    e. the number of pages, attachments, and appendices;
    f. the names of its author, authors or preparers and an identification by employment and title of each such person;
    g. the name of each person who was sent, shown or blind or carbon copied the document, or has had access to or custody of the document, together with an identification of each such person;
    h. the present custodian; and
    i. the subject matter of the document, and in the case of any document relating or referring to a meeting or conversation, identification of such meeting or conversation.

3. If any document responsive to this request was, but is no longer, in your possession, custody or control, state whether such document is missing, lost, or has been destroyed or transferred to others, or has otherwise been disposed of; identify each person who authorized such disposition, identify the person or entity that may now have possession, custody or control of the document or any copy thereof; identify each document by listing its author, the address, type (e.g., letter, memorandum, telegram, chart, photograph), date, subject matter, present location(s), and custodian(s), and state whether the document (or copies) is still in existence.

4. If requested documents are maintained in an electronic format, such as part of a computer database, the documents shall be produced on floppy disk, CD-ROM, or other computer readable format, together with the identification of the exact location of the computer, and files within the computer from which the documents were copied. Any and all computers from which requested documents have been printed, copied or otherwise

extracted shall be made available for physical inspection by Plaintiffs or Plaintiffs' designated expert.

5. Hard copy documents produced either at Plaintiffs' request or at your option in electronic format should be scanned and produced as searchable OCR PDF documents named as their beginning Bates numbers. Plaintiffs reserve the right to inspect native or original documents for any illegible scans. Each PDF should be endorsed with a unique document or Bates number. Machine generated OCR created from scanned images should be provided at the document level. Documents, their attachments, and affixed notes should be collected as maintained in the ordinary course of business. If a document's unitization cannot be maintained, it should be documented in the data load file. All hard copy copies produced in this fashion should include all color test, depictions, photographs or other visual matter as contained in the original document.

6. Unstructured electronically stored information (ESI) produced electronically (either at the Plaintiffs' option or at Defendants' request) should be produced as Group IV single page TIFF images, 300 DPI, named the same as their Beginning Bates number. Each TIFF should be endorsed with a unique document identifier (i.e., Bates Label). Extracted text taken from native files will be provided at a document level. There will be one text file per document, named the same as the Beginning Bates number (Document ID) of the document. The extracted text file for a document will reside in the same location (file directory) as the images for that document. The text file associated with any redacted document will exclude redacted text (i.e., the Producing Party can OCR the redacted image of the unstructured ESI and replace the original extracted text). The following metadata fields associated with emails, attachments and non-email custodial ESI will be exchanged: Subject/Re: Line (Email), File Name (Non-Email), Sent Date (Email), Received Date (Email), Created Date (All Electronic File Types), Modified Date (All Electronic File Types), Author (All Electronic File Types), Recipient (Email), Copyee (Email) and BCC (Email). Metadata will be provided in a flat file (.txt or .dat) using standard Concordance delimiters. Each line will begin with the fields Beg Bates and End Bates. To the extent a custodial document has hidden comments, speaker notes, or columns or other embedded data, this data should be legible and produced in such a way as to understand its context and not block other text or data.

7. For all electronically produced paper and unstructured ESI, a standard Opticon image load file indicating document boundaries and location of images should accompany the images. The fields should include Bates ID, CD Name, Path\Tiff Name, DocBreak and Document. The following fields will be provided for all custodial documents in the production: Begin Bates, End Bates, Begin/End Attachment, Parent/Child ID, custodian and Confidentiality.

8. When producing a multi-page document electronically, images for the document should not span multiple directories. In addition, no more than 1,000 images should be included in a single directory unless a document is more than 1,000 pages.

9. If any information is redacted from a responsive document, affix or, where applicable, electronically "burn" the word "Redacted" onto the page at or reasonably near the location of the redaction(s). If an electronically produced document is redacted, withhold from the document's Load File only the metadata directly associated with the redaction. The reason for each redaction must be disclosed in the appropriate privilege log.

10. For electronically produced documents, the file name for each TIFF image should correspond to the Bates Label for that Image (e.g. ABC0000009 would be ABC0000009.tif).

11. To the extent any electronically produced document has a relationship to another document (such as attachment to an email, exhibit to a memo, embedded file, or an appendix to a report), that relationship should be preserved and produced using the Begin Attach and End Attach fields in the Load File discussed above.

12. To the extent documents are produced as kept in the ordinary course of business (rather than by document request), you should scan or copy and produce the relevant folders, binder-covers, labels, tabs, and other organizational materials. Such materials should be produced as independent documents and be produced before the documents that were contained in these elements (i.e., the file folder should have a Bates Label immediately before the documents contained in the file folder) and the name of the custodian who had possession of the document when it was collected should be identified.

13. All documents and ESI shall be produced with the following metadata (to the extent that it exists), without deletion or alteration: first Bates number, last Bates number, attachment range, custodian, from, to, CC, BCC, subject, date and time sent, MD5 has value, file path, original file name, and document request numbers for which the document is responsive. Metadata shall be produced in a load file in Concordance.DAT file format with standard delimiters.

14. Each request for production of a document or documents shall be deemed to call for the production of the original document or documents, to the extent that they are in or subject to, directly or indirectly, your control. In addition, each request should be considered as including all copies and, to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereof)

15. Where any copy of any document is not identical to the original or any other copy thereof, by reason of any alterations, marginal notes, comments or other materials contained therein or attached thereto, or otherwise, all such non-identical copies shall be produced separately.

16. The requests herein are deemed to be continuing in nature. If, after producing documents, you, or anyone acting on your behalf, become aware of any further documents responsive to the requests set forth herein, prompt supplement of the production is required.

## DEFINITIONS

1. As used herein, the term "document" is used in the broadest possible sense and shall mean all recorded matter in any medium including paper, written, or electronic. "Document" shall include any recordings of oral communications such as voicemails such that all tangible recorded material is included in this definition. "Documents" must be provided in a manner that preserve all recorded information including embedded, systems, and substantive metadata.

2. The term "all documents" means every document, as defined in paragraph "A" above, including drafts and non-duplicate copies in your possession, custody or control or which can be located, discovered or obtained by reasonably diligent efforts, or to which you have access including without limitation, all documents possessed by: (a) you or your counsel; or (b) any other person or entity from whom you can obtain such documents by request or which you have a legal right to bring within your possession by demand. If a document is responsive to a request for production and is in your control, but not in your possession or custody, identify the person with possession or custody.

3. The term "relating to" means concerning, referring to, supporting, evidencing, constituting, mentioning, discussing, summarizing, explaining, in connection with, arising out of, stating or pertaining.

4. The term "communication" means, without limitation, any transmittal of information in any medium whether oral, written, or electronic. "Communication" shall include emails, text, or other transmission of information by or between computers, devices, applications, phones, handhelds, or tablets. "Communications" must be provided in a manner which reveals all transmitted or recorded information including date and time sent, embedded, systems, and substantive metadata.

5. The term "You" and "Your" means Pacific Re, Inc., its "core", its agents, employees, or representatives of anyone with actual or apparent authority to speak on behalf Pacific Re, Inc.

6. The term "cell" or "Your cells" refers to Your segregated or protected cells individually or collectively as appropriate.

7. The terms "and" as well as "or" shall be construed both conjunctively and disjunctively, and each shall include the other wherever such dual construction will serve to bring within the scope of this request any documents which would otherwise not be brought within its scope.

8. The term "any" shall include "all" and the term "all" shall include "any," as needed to make the request inclusive and not exclusive.

9. Terms in the plural include the singular and terms in the singular include the plural. Terms in the masculine shall include the feminine and in the feminine, shall include the masculine.

10. The "Plaintiffs" means AmTrust North America, Inc. and Technology Insurance Company, Inc., their agents, employees, attorneys, owners, representatives, principals, or anyone authorized to act on their behalf.

11. "Defendant" means Safebuilt Insurance Services, Inc. a/k/a Safebuilt Wholesale Insurance Services, Inc., the Taft Companies, LLC, Preferred Global Holdings, Inc., David E. Pike, Inc. Philip Salvagio, Salmen Insurance Services, Inc. f/k/a Salvagio, Inc., and Carl M. Savoia or anyone acting on its behalf including Independent Adjusters, agents, employees, and attorneys.

12. Unless otherwise indicated, all requests are from the time period January 1, 2009 to present.

## DOCUMENT REQUESTS

1. Your general ledgers with sub-accounts;

2. Your balance sheets and financial statements including, but not limited to, combined or consolidated balance statements, maintained in the ordinary course of business.

3. All regulatory findings, reports and published examinations, and approvals, including approval to merge Pac Re 5-AT ("Cell 5") into Your core.

4. Documents and communications evidencing the total Cell 5 premium and premium tax reported to the State of Montana or any Montanan authority.

5. All documents and communications related to compliance, investigation, approval, due diligence, or opinions relating to merging Cell 5 into Pac Re's core.

6. Your corporate or other authorization approving the merger of Cell 5 into Your core, including, but not limited to Board Minutes and/or Unanimous Consent Resolutions.

7. All non-privileged documents and communications regarding regulatory findings, reports and examinations.

8. Your reinsurance agreements of any nature with, or related to, Preferred Contractors Insurance Company Risk Retention Group, LLC ("PCIC").

9. Your agreements with Octance Group, LLC ("Octance").

10. All invoices from Octance Group and: (i) documents and communications relating to the stated or agreed upon allocation method of amounts to individual cells; and (ii) amounts actually allocated and borne by each cell.

11. Identify all documents and communications relating to any request: (a) to, or denials from, Safebuilt for funding; or (b) to AmTrust North America, Inc. or Technology Insurance Company, Inc. (or anyone acting on their behalf) to release or refund collateral held in trust for Cell 5 liability.

12. The agreement(s) between Pac Re and Moulton Bellingham, P.C. relating to retention of the latter to commence the action known as *Pac Re 5 AT a protected cell of Pacific Re, Inc., a Montana corporation, versus AmTrust North America, Inc., a Delaware corporation; and Technology Insurance Company, Inc., a New Hampshire Corporation*, brought in the United States District Court for the District of Montana, Billings Division, Index No. CV: 14-131-BLG-CSO (the "Montana Action").

13. All invoices and payments relating to the Montana Action.

14. Your Cell Administration Policies for Cell 1 and Cell 5.

15. Your Board Minutes and those for any cell that address: (a) allocation of expenses to cells; (b) shareholder or distributions to any owner; (c) payments to any Defendant as defined above; (d) the role, legality, purpose, process, or function of merging cells into Your core; (e) Cell 5's merger into the core and its approval; (f) Cell 1's merger into the core and its approval; (g) the Participation Agreement founding Cell 5; (h) requests to or denials from Safebuilt Insurance Services, Inc. to fund Cell 5; (i) the Montana Action including authority to retain counsel, commence, and pay for the action; (k) invoices and payments relating to the Montana Action; (l) requests to AmTrust North America, Inc. or Technology Insurance Company, Inc. (or anyone acting on their behalf) to release or refund collateral held in trust for Cell 5 liability; (m) underwriting guidelines relating to Cell 5 liability under United Specialty Insurance Company policies; (n) Cell 5 premium and premium tax reported to Montana; (o) Cell 5 reserve levels, ULAE, collateral, and funding requests; (p) available assets to pay Cell 5 liability since August 2014; (p) Cell 5 actuarial and adverse scenario risk analysis; (q) business plan or regulatory approvals thereof for Your business plan or business plans for Cells 1 or Cell 5; (r) Your financial position, deficits, shortages, cash calls; or (s) PCIC's reinsurance.